SHORTESS, Judge.
Sandra Patterson (plaintiff) was injured in an automobile accident on Brown Road in East Baton Rouge Parish on April 29, 1988, when she hit a pothole and lost control of her car. She sued the City of Baton Rouge and Parish of East Baton Rouge (defendant).[1] After trial on the merits, the trial court dismissed plaintiff’s suit, finding she failed to prove by a preponderance of the evidence that defendants had either actual or constructive notice of the pothole. Plaintiff appeals.
At the outset of the trial the parties stipulated that defendant is responsible for the repair and maintenance of Brown Road. They further stipulated that defendant received a complaint through defendant’s Citizens Service Office regarding the pothole in question on January 20, 1988, approximately three months before this accident. The principal dispute at trial was whether defendant repaired the pothole on February 4, 1988. Defendant received no citizen complaints regarding this pothole between February 4, 1988, and the date of the accident.
Ronnie L. Terrell, who was living with plaintiff on Brown Road at the time of the accident and who is now plaintiff’s husband, and plaintiff both testified the pothole had existed for many months before the accident. Their testimony was corroborated by Mabel and Albert Tranchina, a married couple who lived on Brown Road near the pothole, as well as that of Wilhelmina Stoetzner, a school bus driver who traveled Brown Road twice a day. These three independent witnesses testified unequivocally that they were absolutely sure the pothole was never repaired before the accident.
Defendant presented the equally unequivocal testimony of Andrew Tolbert, the Department of Public Works supervisor responsible for maintaining Brown Road. Tolbert’s handwritten log shows he filled potholes on Brown Road on February 4, 1988. While Tolbert did not have recall filling this particular pothole, he stated that when he is filling potholes, he starts at one end of a road and completes the entire road before he writes it in his log. He testified on direct examination:
Q. Going back to the repair that was made in February of 1988; when you have a road name in your book, what does this mean to you, sir?
A. It means that I filled all the potholes on that road on that day.
Q. Have you in your career ever written down a road name without covering the entire road?
A. No, sir, because I don’t write the road name down until I’ve completed that road.
Q. In February of 1988 would you have missed or passed in your normal work day what is depicted as a pothole in 6C?
A. No, sir.
On cross-examination, he further testified:
Q. But you can’t testify under oath as to whether or not you actually would have repaired the pothole that I showed you in Exhibit-6C on February 4, 1988? You don’t remember actually doing that, do you?
A. I don’t remember the hole, but if that hole was on there on February 4, 1988 I filled it.
A reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. It must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. In making this determination, it may not substitute its own judgment for that of the trial court, but must determine whether the trial court’s conclusion was reasonable in light of the evidence. If there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly *1388 erroneous or clearly wrong. Stobart v. State, 617 So.2d 880, 881 (La.1993).
After reviewing this record in its entirety, we find there are two permissible views of the evidence regarding whether defendant had actual or constructive notice of this pothole. The trial court found the testimony of Tolbert to be more credible than that of plaintiffs witnesses. We cannot substitute our judgment for his. Thus, we must find the trial court was not clearly wrong. For these reasons, the judgment of the trial court is affirmed at plaintiffs costs.
AFFIRMED.

. For the purposes of this opinion, the City of Baton Rouge and Parish of East Baton Rouge will be treated as a single legal entity.